| | |
|---|---|
| 1 | McGREGOR W. SCOTT<br>United States Attorney |
| 2 | JOSEPH BARTON<br>Assistant United States Attorney |
| 3 | 2500 Tulare Street, Suite 4401<br>Fresno, CA 93721 |
| 4 | Telephone: (559) 497-4000<br>Facsimile: (559) 497-4099 |
| 5 | |
| 6 | Attorneys for Plaintiff<br>United States of America |
| 7 | |

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | CASE NO. 1:20-CR-00022-DAD-BAM |
| | Plaintiff, | STIPULATION TO VACATE STATUS CONFERENCE AND SET CHANGE OF PLEA; AND ORDER |
| v. | | |
| TEODORO ANDRADE-BAUTISTA, | | DATE: April 13, 2020,<br>TIME: 1:00 p.m.<br>COURT: Hon. Barbara A. McAuliffe |
| | Defendant. | |

This case is currently set for a Status Conference on April 13, 2020, at 1:00 p.m. This Stipulation seeks to vacate that Status Conference and set the case for a Change of Plea on May 18, 2020, at 10:00 a.m.

On March 17, 2020, this Court issued General Order 611, which suspends all jury trials in the Eastern District of California scheduled to commence before May 1, 2020. This General Order was entered to address public health concerns related to COVID-19.

Although the General Order addresses the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. And moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a

STIPULATION AND [PROPOSED] ORDER 1

1 judge ordering and ends-of-justice continuance must set forth explicit findings on the record "either
2 orally or in writing").

3     Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory
4 and inexcusable—the General Order requires specific supplementation. Ends-of-justice continuances
5 are excludable only if "the judge granted such continuance on the basis of his findings that the ends of
6 justice served by taking such action outweigh the best interest of the public and the defendant in a
7 speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets
8 forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice
9 served by the granting of such continuance outweigh the best interests of the public and the defendant in
10 a speedy trial." *Id.*

11     The General Order excludes delay in the "ends of justice." 18 U.S.C. § 3161(h)(7). Although
12 the Speedy Trial Act does not directly address continuances stemming from pandemics, natural
13 disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.
14 For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St.
15 Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the
16 eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182
17 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001
18 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more
19 enduring, barrier to the prompt proceedings mandated by the statutory rules.

20     In light of the societal context created by the foregoing, this Court should consider the following
21 case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-
22 justice exception, § 3161(h)(7). If continued, this Court should designate a new date for the Change of
23 Plea. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must
24 be "specifically limited in time").

## STIPULATION

26     Plaintiff United States of America, by and through its counsel of record, and defendant, by and
27 through defendant's counsel of record, hereby stipulate as follows:

28     1.    By previous order, this matter was set for status on April 13, 2020,.

2. By this Stipulation, defendant now moves to vacate the Status Conference and set the case for a Change of Plea on May 18, 2020, and to exclude time between April 13, 2020,, and May 18, 2020.

3. The parties agree and stipulate, and request that the Court find the following:

    a) The government has represented that all of the discovery associated with this case has been produced to counsel for defendant.

    b) Counsel for defendant desires additional time to review the discovery, review the current charges, consult with her client, and discuss potential resolutions with her client.

    c) Counsel for defendant believes that failure to grant the above-requested continuance would deny her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

    d) The government does not object to the continuance.

    e) In addition to the public health concerns cited by General Order 611 and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because counsel or other relevant individuals have been encouraged to telework and minimize personal contact to the greatest extent possible. It will be difficult to avoid personal contact should the hearing proceed before May 18, 2020.

    f) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

    g) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the period of April 13, 2020, to May 18, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

    h) The parties stipulate and agree that time be excluded under the Speedy Trial Act pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and (h)(7)(B)(iv) to assure continuity the continuity of

counsel.  The parties stipulate and agree the exclusion of time agreed to herein is in the interests of justice and will serve to ensure effective assistance of counsel for defendant

   i)  Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  March 26, 2020         McGREGOR W. SCOTT
                    United States Attorney


                    /s/ JOSEPH BARTON
                    JOSEPH BARTON
                    Assistant United States Attorney


Dated:  March 26, 2020         /s/ CARRIE McCREARY
                    CARRIE McCREARY
                    TEODORO ANDRADE-BAUTISTA

McGREGOR W. SCOTT
United States Attorney
JOSEPH BARTON
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:20-CR-00022-DAD-BAM |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| TEODORO ANDRADE-BAUTISTA, | |
| Defendant. | |

## **ORDER**

Upon the Parties' stipulation and for good cause shown, the Status Conference that is currently set for April 13, 2020, is hereby vacated and the case is set for a **Change of Plea on May 18, 2020, at 10:00 a.m., before the Honorable District Judge Dale A. Drozd**. The period of April 13, 2020, up until May 18, 2020, inclusive, is excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), B(iv).

IT IS SO ORDERED.

Dated: __**March 26, 2020**__   /s/ Barbara A. McAuliffe
　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE